UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mary DOE, Bill DOE AND John DOE, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)  **COMPLAINT**<br>BARNSTABLE PUBLIC SCHOOLS, )<br>)<br>)<br>Defendants. )<br>) | |

I.       PRELIMINARY STATEMENT

1. John Doe ("John" or "Student") and his parents, Bill and Mary Doe ("Parents"), prevailed in a due process hearing before the Bureau of Special Education Appeals ("BSEA"). Student and Parents now bring this action for recovery of attorneys' fees and costs pursuant to the Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400, *et. seq.*

II.       JURISDICTION

2. This Court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A) and venue under 28 U.S.C. § 1331.

III. PARTIES

3. John is a nineteen year-old student currently attending college, after graduating from Franklin Academy. His parents Bill and Mary Doe are residents of Barnstable.

4. Defendant Barnstable Public Schools ("Barnstable") is established under laws of the Commonwealth of Massachusetts and is a public corporation with the capacity to be sued. It receives federal funds from the United States Department of Education pursuant to the IDEA, 20

U.S.C. § 1400 *et. seq.*, and is required to provide special education and related services in compliance with IDEA.

## IV.  FACTS

5.  John is a student, with a disability, in that he is diagnosed Aspergers Disorder, a medically diagnosed anxiety disorder and a language based learning disorder.

6.  At all times relevant to this action, John was on an Individualized Education Plan, pursuant to the IDEA, 20 USC 1400, et.seq. and MGL c. 71B.

7.  Student entered Cape Cod Tech. as planned in the fall of 2008 for ninth grade.  He was involved in some incidents which led to several delinquency charges.  Student was not expelled from Cape Cod Tech. but received some tutoring through the 2008-2009 school year.  In the spring of 2009, Student was convicted on one of the charges and acquitted on the others.  Parents decided to withdraw Student from Cape Cod Tech, at the end of ninth grade.

8.  In September 2009, Parents obtained a private neuropsychological evaluation of Student from David Callahan, Ph.D.  After conducting a battery of cognitive, academic and projective tests and interviewing Student and Parent, Dr. Callahan concluded that in addition to some weakness in reading, written language, and attention, Student's "pattern of response and his history seem to [be] strongly supportive of the presence of Asperger's Disorder," on the "healthier end of the spectrum."  Dr. Callahan further concluded that the "most prominent feature" of Student's emotional functioning was "difficulty he has in forming lasting reciprocal bonds and ties with others….[that he] "is underdeveloped in those spheres, tending to prefer his own company and having difficulty understanding the needs and desires of others." Dr. Callahan believed Student would have problems with social isolation and misreading social and interpersonal cues. The report noted that Student was motivated to return to school, and expressed the hope that he could do so, but explicitly declined to make specific educational recommendations.

9. In October 2009, Student enrolled at Barnstable High School. By agreement of the Parents and the School, in consideration of Student's legal situation, he did not physically attend the high school. Rather, from November 2009 to June 2010, Student received home tutoring from Barnstable in regular education high school subjects. Student received some accommodations pursuant to a Sec. 504 Plan, (e.g., extra time on tests, use of word processor) but was working on grade-level subjects (including "honors" courses). Student completed tenth grade with grades of A and A+. He passed the MCAS in English Language Arts (ELA) ("Proficient"), Math ("Advanced") and Biology ("Advanced") Student's tutors found him to be highly intelligent, well-organized, diligent, and hard-working. His behavior was always polite and appropriate in the tutorial setting.

10. After the Team meeting, in March of 2010, the Barnstable High School Special Education Coordinator, Charlyne Broderick, created what was intended as a draft IEP. This draft contained two goals, in reading and social skills, which were developed on the basis of prior IEPs from 2007. The IEP did not contain a placement page. Barnstable sent Parents this proposed IEP in mid-April 2010, May 2010, August 2010 and October 2010. None of the drafts contained a placement page. The term "Draft" did not appear anywhere on the IEP. The Transition Planning section of the IEP did not suggest particular transition assessments. It was the understanding of the Team chair that updated goals and objectives would be developed after Student had been placed . Parents never accepted the draft IEP as it was just a draft and the school never met again on the IEP. Barnstable did not forward the unsigned IEP to the BSEA.

11. After the Team meeting, Parents explored placement possibilities for the Student, and Parents' and Barnstable's counsel communicated regarding possible placements. For example, Parents approached Chamberlain School and were advised that Student would not be accepted there. Both parties investigated South Shore Collaborative, and learned that its Asperger's program had been disbanded. Parents visited Franklin Academy, a private residential school in

3

East Haddam, CT, and felt that it would be an appropriate placement for the Student and informed the District of their desire for this placement.

12.     In a letter dated June 1, 2010, Parents counsel requested Barnstable to fund Student's placement at Franklin Academy for the next two school years. On July 10, 2010, Barnstable sent referral packets to Franklin Academy and Southeast Alternative School, which is a private, DESE-approved special education day school located in Hyannis, MA.  (Franklin Academy sent an acceptance letter to Parents and the School shortly thereafter but South East never sent a notice of acceptance.

13.     On August 19, 2010, Parents filed a hearing request before the BSEA seeking funding for the Franklin Academy placement and stating that Parents already had incurred expenses for this placement.

14.     Parents unilaterally placed Student at Franklin Academy on or about early September  2010 as no placement had been offered by the District.

15.     Student completed tenth grade (2010-2011) at Franklin Academy as a residential student, funded by Parents.  Barnstable was aware that Student was attending Franklin Academy.  Barnstable sent no representatives to observe or assess Student there during 2010-201 nor offered any alternative.

16.     The original filing included the Cape Cod Regional Technical High School as a responding party but was dismissed and Summary Judgment was not ordered as to Barnstable, in June of 2011 order the BSEA as more facts were necessary for a decision.

17.     In a notice dated August 17, 2011 Barnstable issued an invitation for a Team meeting to be held on August 31, 2011.  The stated purpose of the meeting was to review Student's progress, develop an IEP for the 2011-2012 school year, and discuss transition planning.  The meeting was rescheduled and held on September 8, 2011 due to the possibility  of Hurricane.  In attendance were Parents, Student, counsel for Parents and for the School, and the following Barnstable personnel:  Ann Cane (school psychologist), James Buckman (high school

guidance counselor), Ron Tosti (tutor), and Charlyne Broderick (Barnstable High School Special Education Coordinator.

18.     On October 10, 2011 the Team issued an IEP for the 2011-2012 school year.  This IEP contained two goals:  social skills and reading.  The social skills goal was for Student to "use strategies to communicate with peers in 8 out of 10 trials…"  Benchmarks/objectives were generally for Student to identify verbal and non-verbal social cues, as well as the motivations and intentions of other people.   The reading goal was to improve reading fluency by addressing decoding weaknesses.

19.     The IEP used by the school does not contain a placement page, but Barnstable proposed placing Student at Southeast Alternative School in Sandwich, MA.  Parents rejected the proposed placement, stating, in sum, that SAS did not have the ability to teach Student, that it could not meet his emotional needs because the school day ends at 2:30 PM, and that it has not placed students in colleges nor could it provide the level of academics that of Franklin Academy due  to the lack of subject matter certified teachers.

20.     For the 2010-2011 and 2011-2012 school years, Student was enrolled in Franklin Academy in East Haddam, CT.  Franklin Academy is a college preparatory residential school that specializes in serving approximately 90 students with Asperger's Syndrome and Nonverbal Learning Disorders.  The school is accredited by the New England Association of Schools and Colleges, and is approved as a private school by the State of Connecticut.   The school is not approved by Connecticut as a special education school.  All students enrolled at Franklin Academy have at least average intelligence, as well as diagnoses of either Asperger's Syndrome or non-verbal learning disorders (NVLD).  They may have other, related issues such as anxiety, mood disorders, or ADHD .  Franklin Academy does not serve students with serious acting out or violent behavior and does not tolerate such behavior.  The majority of students graduating

from Franklin Academy attend college.   The vast majority of students attending SEA school do not attend college.

21.     Student was very successful at Franklin Academy during all relevant periods.  He was placed academically in a high-level track.  During 2010-2011, he earned high grades in all academic subjects, including an extra honors math course.  For 2011-2012, corresponding to Student's senior year, Student was enrolled in Franklin Academy's "Fly" program, which allows for more student autonomy and attempts to replicate college life (including shared dorm rooms, and more freedom to choose classes).  As in the prior year, Student was excelling academically in high-level classes at the time of the hearing.  Socially, Student increased his involvement in school life (e.g., he was elected student body president) and his ability to self-advocate, but continued to struggle with understanding social nuances and resolving conflicts arising from his confusion.   As of the hearing date, Student had been accepted at college.

22.     The BSEA hearing took place, on November 29th and November 30th, of 2011 and January 20, 2012, in Malden, Ma.

23.     Hearing Officer Sara Berman issued a decision on September 7, 2012 ordering full and complete reimbursement for Franklin Academy tuition and all out of pocket related expenses for John's placement, at Franklin Academy, for the 2010-2011 and 2011-2012 school year.

## V.  CAUSE OF ACTION

24.      Plaintiffs re-allege paragraphs 1 through 23 above and incorporate the same as if fully set forth herein.

24.     Plaintiffs are a prevailing party within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3)(B), and as such are entitled to an award of reasonable attorney's fees and costs  for the hearing before the BSEA.

6

VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a) That this Court take jurisdiction of this matter;

b) That this Court make a determination that Student was a prevailing party for purposes of an award of attorney's fees;

c) That this Court award Plaintiffs' counsel reasonable attorneys' fees and costs pursuant to the Individuals with Disabilities in Education Act;

d) That this Court award such other and further relief as it deems proper.

        Respectfully submitted,
John Doe, Mary Doe, and Bill Doe
By their attorney,

/s/  Michael W. Turner

_____
Michael Turner, Esq.
The Law Office of Michael Turner
BBO #: 656820
242 Wareham Road
P.O. Box 910
Marion, MA 02578
Tel: (508) 748-2362
Fax: (508) 748-6836

Attached to this complaint is a true copy of the BSEA Hearing Decision issued September 7, 2012.